**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| DEANNA JOHNSON and ) | |
| RASAD JOHNSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Case No. 5:10-cv-11161 |
| v. ) | Hon. John Corbett O'Meara |
| ) | Mag. Donald A. Scheer |
| ALLSTATE PROPERTY AND CASUALTY ) | |
| INSURANCE COMPANY, an insurance company ) | |
| doing business in the State of Michigan; SEDGWICK ) | |
| CLAIMS MANAGEMENT SERVICES, corporation ) | |
| doing business in the State of Michigan; and ) | |
| ASCENSION HEALTH, a corporation doing ) | |
| business in the State of Michigan, ) | |
| | |
|    Defendants. | |

**ASCENSION HEALTH & SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND**
**COUNTERCLAIM FOR IMPOSITION OF AN EQUITABLE LIEN OR**
**CONSTRUCTIVE TRUST PURSUANT TO SECTION 502(A)(3) OF ERISA**

COMES NOW Defendants Sedgwick Claims Management Services, Inc. ("Sedgwick")

and Ascension Health, by and through the undersigned counsel, and for their Answer and

Affirmative Defenses to the Plaintiff's Complaint and for Ascension Health's Counterclaim for

Imposition of an Equitable Lien or Constructive Trust Pursuant to Section 502(a)(3) of ERISA

states as follows:

**I.**      **ANSWER TO COMPLAINT**

**Common Allegations**

1.      Sedgwick and Ascension Health lack sufficient information to admit or deny the

allegations contained in paragraph 1 of the Complaint and therefore must deny the same.

2.      Sedgwick and Ascension Health lack sufficient information to admit or deny the

allegations contained in paragraph 2 of the Complaint and therefore must deny the same.

3.      Sedgwick and Ascension Health lack sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore must deny the same.

4.      Sedgwick and Ascension Health admit that that Sedgwick is a corporation, but deny that Sedgwick is doing ongoing and systematic business in the County of Wayne, State of Michigan.

5.      Sedgwick and Ascension Health admit that Ascension Health is a corporation, doing ongoing and systematic business in the County of Wayne, State of Michigan, as is alleged in paragraph 5 of the Complaint.

6.      Sedgwick and Ascension Health admit that Plaintiff received short-term disability benefits pursuant to the Ascension Health Short-Term Disability Plan, which is administered by Sedgwick, for the period of May 4, 2009 through August 8, 2009.  Sedgwick and Ascension Health deny each and every remaining allegation contained in paragraph 6 of Plaintiff's Complaint.

7.      Sedgwick and Ascension Health lack sufficient information to admit or deny the allegations contained in paragraph 7 and therefore must deny the same.

8.      Sedgwick and Ascension Health admit that the amount in controversy, as alleged by Plaintiff in paragraph 8 of Plaintiff's Complaint, exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars.  Sedgwick and Ascension Health deny that Plaintiff is entitled to this amount or any other sum of money from these Defendants.

## COUNT I

Count I is directed solely against Defendant Allstate and therefore Sedgwick and Ascension Health make no answer to the allegations contained in Count I.

## COUNT II

Count II is directed solely against Defendant Allstate and therefore Sedgwick and Ascension Health make no answer to the allegations contained in Count II.

## COUNT III

Count III is directed solely against Ascension Health and therefore Sedgwick makes no answer to the allegations contained in Count III.

27.     To the extent that paragraph 27 seeks to incorporate the allegations contained in paragraphs 1 – 8, Ascension Health hereby incorporates its answers as though fully set forth herein. To the extent that Ascension Health did not previously answer the allegations contained in paragraphs 9 – 26, as those allegations were directed solely at Defendant Allstate, Ascension Health states that it lacks sufficient information to admit or deny the allegations contained therein and must deny the same.

28.     Ascension Health denies the allegations contained in paragraph 28 of Plaintiff's Complaint as worded.  Ascension Health affirmatively states that Ascension Health sponsors the Ascension Health Short-Term Disability Plan ("STD Plan"), which is an employer-sponsored welfare benefit plan, which is a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), for the benefit of eligible associates of St. John Health System who meet the terms and conditions of the Plan.

29.     Ascension Health admits that the STD Plan provides short-term disability benefits to eligible associates who meet the terms and conditions of the STD Plan.  Except as so admitted,

Ascension Health denies each and every remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Ascension Health lacks sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint, and therefore denies the same.

31.     Ascension Health lacks sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint, and therefore denies the same.

32.     Ascension Health denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Ascension Health lacks sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint, and therefore denies the same.

34.     Ascension Health denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     Ascension Health denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     Ascension Health denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Ascension Health denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Ascension Health denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

Ascension Health denies each and every remaining allegation contained in the WHEREFORE clause of Count III of Plaintiff's Complaint.

## COUNT IV

Count IV is directed solely against Sedgwick and therefore Ascension Health makes no response to the allegations contained in Count IV.

39.     To the extent that paragraph 39 seeks to incorporate the allegations contained in paragraphs 1 – 8, Sedgwick hereby incorporates its answers as though fully set forth herein.  As Sedgwick did not previously answer the allegations contained in paragraphs 9 – 26, as those allegations were directed solely at Defendant Allstate, Sedgwick states that it lacks sufficient information to admit or deny the allegations contained therein and must deny the same. As Sedgwick did not previously answer the allegations contained in paragraphs 27 – 38, as those allegations were directly solely at Ascension Health, Sedgwick hereby denies the allegations contained in paragraphs 27 – 38 of the Complaint.

40.     Sedgwick denies the allegations contained in paragraph 40 of Plaintiff's Complaint as worded.  Sedgwick affirmatively states that Ascension Health sponsors the STD Plan, which is an ERISA Plan, for the benefit of eligible associates of St. John Health System who meet the terms and conditions of the STD Plan.

41.     Sedgwick admits that the STD Plan provides short-term disability benefits to eligible associates who meet the terms and condition of the STD Plan. Except as so admitted, Sedgwick denies each and every remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Sedgwick denies the allegations contained in paragraph 42 of Plaintiff's Complaint as worded.  Sedgwick affirmatively states that it is the claims administrator of the STD Plan.

43.     Sedgwick lacks sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint, and therefore denies the same.

44.     Sedgwick lacks sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint, and therefore denies the same.

45.     Sedgwick denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     Sedgwick lacks sufficient information to admit or deny the allegations contained in paragraph 46 of the Complaint, and therefore denies the same.

47.     Sedgwick denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     Sedgwick denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     Sedgwick denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Sedgwick denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Sedgwick denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

Sedgwick denies each and every remaining allegation contained in the WHEREFORE clause of Count IV of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' Complaint and each purported claim therein fails to state a claim with regard to Defendant Ascension Health upon which relief may be granted.

2. Plaintiffs' state law claims against Sedgwick and Ascension Health are preempted in their entirety by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Specifically, any purported state law claim is preempted by Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), and Section 514 of ERISA, 29 U.S.C. §1144.

3. Plaintiff Deanna Johnson was not eligible for additional short-term disability benefits under the terms of the STD Plan.

4. Plaintiffs' claims are barred because Sedgwick's decision to deny further benefits to Plaintiff Deanna Johnson was not arbitrary, capricious, unreasonable or made in bad faith. The decision to deny further disability benefits to Plaintiff Deanna Johnson was reasonable and supported by substantial evidence, under the discretionary authority given to the claims administrator and under the terms of the STD Plan.

5. Sedgwick and Ascension Health are entitled to offset any benefits that Plaintiff may recover, by the "Other Income Benefits" identified in the STD Plan. Ex. A.

6. Plaintiffs' claims are barred by the doctrines of estoppel, waiver, laches, release, accord and satisfaction, failure or want of consideration, failure to satisfy a condition precedent and unclean hands.

7. Plaintiffs have failed to exhaust administrative remedies under the STD Plan, which serves as a bar to the instant action.

8. Plaintiffs' claims are barred by the applicable statute of limitations.

9. To the extent that Plaintiff Deanna Johnson seek to recover "damages" extra-contractual relief is barred by the exclusive remedies contained in ERISA §502, 29 U.S.C. §1132.

10.     Defendants Sedgwick and Ascension Health reserve the right to assert additional affirmative defenses as they may appear.

## II.     COUNTERCLAIM FOR IMPOSITION OF AN EQUITABLE LIEN OR CONSTRUCTIVE TRUST PURSUANT TO SECTION 502(A)(3) OF ERISA AGAINST PLAINTIFFS

COMES NOW Ascension Health, and for its Counterclaim For Equitable Lien or Constructive Trust Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3) states to the Court as follows:

1.     This Counterclaim is filed to enforce the terms of the Ascension Health Short-Term Disability Plan ("STD Plan") and for equitable relief arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001, et. seq.

## PARTIES

2.     Upon information and belief, Plaintiffs are citizens and residents of the City of Detroit, County of Wayne, State of Michigan.

3.     Ascension Health is the Plan Sponsor, Plan Administrator and a fiduciary of the STD Plan, and as such is entitled to bring this Counterclaim pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction pursuant to 28 U.S.C. §1331 because this Counterclaim is brought to enforce provisions of the Plans arising under ERISA.

5.     Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this Court because violation of the Plan's terms is occurring in this district.

## FACTUAL ALLEGATIONS

6.      The STD Plan, which is attached hereto and marked **Exhibit A** is a welfare benefit plan sponsored by Ascension Health for eligible employees of St. John Health.[1]

7.      The STD Plan is an "employee welfare benefit plans" as defined by and regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), Section 3(a) of ERISA, 29 U.S.C. § 1002(1).

8.      Ascension Health is the Plan Administrator and Plan Sponsor of the STD Plans as defined in Section 3(16)(A)-(B) of ERISA, § 29 U.S.C 1002(16)(A)-(B).

9.      Pursuant to the terms of the Plans, Ascension Health has appointed Sedgwick Claims Management Services, Inc. ("Sedgwick") as the Claims Administrator of the Plans. **Ex. B**. p. 17.

10.     Pursuant to the terms of the Plans, Ascension Health and Sedgwick possess discretionary authority to perform their respective duties and responsibilities with regard to administration of the Plans. **Ex. A** §§ 2.4 & 2.8; **Ex. B**, p 11.

11.     As an employee of St. John Health, Plaintiff Deanna Johnson was a Participant of the STD Plan.

12.     After she was involved in a motor vehicle accident, Plaintiff applied for and received short-term disability ("STD") benefits under the STD Plan.

13.     Plaintiff received STD benefits under the terms of the STD Plan in the amount of Three Thousand Five Hundred Seventy Four Dollars ($3,574.00).

14.     Thereafter, it was determined that she no longer met the Definition of Disability under the terms of the STD Plan.

---

[1] A copy of the applicable STD Plan Summary Plan Description is attached hereto and marked **Exhibit B**.

15.     Pursuant to the terms of the STD Plan, Plaintiff's monthly disability benefit payments are reduced by "Other Income Benefits".

16.     Specifically, the STD Plan provides:

**4.2     Benefit.**  The amount of Benefit shall e the Gross Benefit amount shown in the Adoption Agreement, reduced by Other income Benefits described in Section 4.3 up to the Maximum Weekly Benefit, when applicable. . . .

**4.3     Other Income Benefits.** Other Income Benefits are those benefits identified below, which are applicable to the Participant.  These Other Income Benefits, except for retirement benefits, are benefits which in the Plan's determination are associated with the same Disability for which a Benefit is payable under this Plan.  These Other Income Benefits include:(a)  The          full amount of disability income benefits the Participant receives or is eligible to receive under any present or future law.  This includes any amount that is not received solely because the Participant failed to apply for it.

(b)     The full amount of any disability income benefits which the Participant receives under any other group insurance or individual policy paid for or subsidized by the Participant's Employer.

(c)     The full amount of disability or retirement benefits under the U.S. Social Security Act or any other governmental disability or retirement program (except military pension and military disability plans) for which the Participant, the Participant's spouse, child, or children are eligible. Notwithstanding the foregoing, Other Income Benefits shall not include disability benefits unless such disability benefits are awarded on the basis of the Participant's disability.

**(d)     The full amount of any no-fault motor vehicle coverage. However, benefits from such coverage will not be included as Other Income Benefits if:**

**(1)     State law or regulation does not allow any reduction of disability benefits by benefits received under no-fault motor vehicle coverage, or**

**(2)     The no-fault motor vehicle coverage, according to its rules or according to an election by the person covered, determines its benefits after the Benefits paid or due under this Plan have been paid.**

(e)     Except as described in Section **4.8**, the full amount of any salary, wages, severance, benefits, commissions, bonuses, accrued sick days, vacation days, holidays or similar pay that the Participant receives (or is

10

entitled to receive), unless the Participant's Employer's paid time off policy allows the Participant to supplement or coordinate the Participant's Plan Benefits with eligible accrued time off.

(f)     The full amount of any payments that the Participant receives or is eligible to receive due to the acts of third parties who, in the Plan's determination, are at least partially responsible for the Participant's claim for Benefits under the Plan.  This includes any payments that are obtained through the pursuit of claims, lawsuits, judgments, awards, settlements or otherwise by the Participant or by any person or entity on the Participant's behalf.

(g)     The full amount of Retirement Disability Benefits the Participant receives under a Retirement Plan sponsored by Ascension Health or any of its affiliated health ministries.

(h)     The full amount of any benefit or compensation for which the Participant is eligible or that is paid to the Participant, or a third party on the Participant's behalf, pursuant to any plan or arrangement, whether insured or not, as a result of employment by or association with the Participant's Employer or as a result of membership in or association with any group, association, union or other organization.

Other Income Benefits includes any amount the Participant could receive but is not receiving because the Participant failed or neglected to make application for such.

The Plan's share of these Other Income Benefits will not be reduced because the Participant has not received the full damages claimed or has not been made whole, unless the Claims Administrator or the Plan Administrator agrees in writing to the reduction.  The Plan's share of these Other Income Benefits will not be reduced by any attorney's fees or costs expended by the Participant in obtaining the Other Income Benefits.

The terms "law", "Plan" or "act" include the initial enactment and all amendments.

**Ex. A**, §4.2 & Amend. 2 (emphasis added).

17.     In addition, the STD Plan provides that should Plaintiff receive Other Income Benefits as a "Lump Sum Payment[]. . . (either as money, property, or annuity) through a settlement, judgment, order, or as an advance on future liability in a lump sum, the amount that pertains to Other Income Benefits will be due and payable immediately . . ." **Ex. A**, Amend. 2.

18.     In addition, the STD Plan provides:

    **10.3     Refund to the Plan for Overpayment of Benefits.**  If at any time the Claims Administrator and/or Plan Administrator determines that the total amount paid on a claim is more than the total amount due, including but not limited to any overpayment resulting from any payment received from sources listed in Other Income Benefits (whether through lawsuit, pursuit of claims, settlement, award, judgment or otherwise), the Claims Administrator and/or Plan Administrator has the right to recover the excess amount from the person to whom such payment was made.   The Claims Administrator and/or Plan Administrator may recover the excess amount by reducing or offsetting against any future Benefits payable to such person, by demanding immediate reimbursement, or by any other method permitted by law.

**Ex. A**, Amend 2.

19.     Plaintiff has brought the instant action seeking, among other relief, "Other Income Benefits" in the nature of No Fault benefits from Defendant Allstate.

20.     Under the plain terms of the STD Plan, to the extent that Plaintiff becomes entitled to receive No-Fault benefits from Defendant Allstate, then she will have in her possession, benefits in the sum of Three Thousand Five Hundred Seventy Four Dollars ($3,574.00) from Defendant Ascension Health, which are not rightfully in her possession, but rather which rightfully belong to Ascension Health.

21.     As a result, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), Ascension Health seeks equitable relief, including but not limited to:

    a)     imposition of an equitable lien or constructive trust over the STD benefits payments that have been made to Plaintiff DeAnna Johnson by or on behalf of Ascension Health to date in the sum of Three Thousand Five Hundred Seventh Four Dollars ($3,574.00), until such time as the determination of rights and liabilities as between Plaintiff and Defendant Allstate has been made;

b)      to the extent that judgment is entered in favor of Plaintiffs with respect to the claims asserted against Allstate, imposition of an equitable lien or constructive trust over any funds which Defendant Allstate may be ordered to pay Plaintiffs (as at least a portion of these are funds rightfully belonging to Ascension Health) and restitution enforcing the terms of the STD Plan and requiring Plaintiffs to relinquish said funds to Ascension Health;

c)      an award of Defendant Ascension Health's costs and attorney's fees incurred in this action; and

d)      such further relief to Ascension Health as this Court deems just and proper.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/Amy L. Blaisdell_____
         Amy L. Blaisdell    (MO Bar #51068)
         10 South Broadway, Suite 2000
         St. Louis, MO  63102
         T: 314-241-9090
         F: 314-241-3643
         apb@greensfelder.com

         LEAD COUNSEL FOR DEFENDANTS

ABBOTT NICHOLSON, P.C.

         William D. Gilbride, Jr.  P36830
         300 River Place, Suite 3000
         Detroit, MI 48207-4225
         T: 313-566-2500
         F: 313-566-2502
         E-mail:  wdgilbride@abbottnicholson.com

         LOCAL COUNSEL FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 30, 2010, Defendant's Answer, Affirmative Defenses and Counterclaim were served via the Court's electronic filing system on the following:

| | |
|---|---|
| Ronald M. Barron<br>Attorney for Plaintiffs<br>1301 West Long Lake Road<br>Suite 340<br>Troy, Michigan 48098<br> (248) 641-7070 | Donald C. Brownell<br>VANDEVEER GARZIA, P.C.<br>1450 W. Long Lake Road, Ste. 100<br>Troy, MI 48098<br>(248) 312-2800 |

   /s/Amy L. Blaisdell